FILED
FEB -1 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:23 CR 111 SNLJ |
| v. ) | |
| ) | |
| AVERYOUN QUENTEZ LANE, ) | |
| ) | |
| Defendant. ) | |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Averyoun Quentez Lane, represented by defense counsel Amanda Lee Altman, and the United States of America, (hereinafter "government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for defendant's voluntary plea of guilty to the indictment, the government agrees that no further federal prosecution of the defendant will be brought in this District relative to the underlying facts supporting the charges herein, of which the government is aware at this time.

Furthermore, the parties agree that either party may request a sentence above or below the

U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18 United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea herein, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to the firearm and "Glock switch" machinegun conversion device which are the subject of this prosecution.

**3. ELEMENTS:**

As to Count I, The defendant admits to knowingly violating Title 18, United States Code, Section 922(o), and admits there is a factual basis for the plea and further fully understands that the crime of Unlawful Transfer of a Machine Gun has two essential elements which are; (1) The defendant knowingly and unlawfully transferred a machinegun, specifically a weapon which was modified to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, and (2) the defendant knew or had reasonable cause to believe that the weapon was a machinegun.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 922(a)(1)(A), and admits there is a factual basis for the plea and further fully understands that the crime of Unlawful Dealing in Firearms has two essential elements which are; (1) The defendant was not a licensed manufacturer, importer or dealer in firearms; and (2) the defendant willfully engaged in the business of dealing firearms.

2

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On July 3, 2023, an Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives acting in an undercover capacity (UC) purchased a Glock Model 27, .40 caliber pistol with a machinegun conversion device installed and an extended magazine, and a Glock Model 21, .45 ACP caliber pistol from Averyoun Quentez Lane in Minor Missouri. Lane indicated that the Glock Model 27 pistol was capable of fully automatic fire and showed the UC how to switch the device from semi-automatic mode to enable the pistol to fire in fully automatic mode.

On July 10, 2023, a Rossi .38 Special caliber revolver was reported stolen in Sikeston, Missouri. The following day, Lane sent a test message with a photograph of the Rossi and a semiautomatic pistol to the UC, who expressed interest in buying the handguns. Lane then informed the UC the following day that he had already sold both of the guns.

On July 11, 2023, Lane met with the UC in Sikeston Missouri where Lane sold the UC an Anderson Manufacturing Model AM-15, AR-15 style weapon.

On July 13, 2023, Lane was arrested by Officers on an unrelated matter. Lane was advised of and waived his Miranda rights and agreed to speak with the officers. Lane admitted to selling the Glock Model 27 pistol with the conversion switch installed to an individual and admitted that he knew the purpose of the switch was to make the pistol function as a machinegun. Lane also admitted to obtaining firearms on a regular basis and selling them for a profit.

3

The firearms were examined by an expert and were determined to all be firearms under federal law. Each of those firearms were manufactured in a state other than Missouri and would have travelled in and affected interstate commerce prior to the defendant's possession of them. The "Glock switch" was also examined and was determined to be a combination of parts designed and intended to convert a firearm to function as a machinegun.

As a part of this plea the defendant admits that he knowingly and unlawfully transferred a machinegun to another person, and that he willfully engaged in the business of dealing in firearms at a time when he was not licensed to do so.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of Unlawful Transfer of a Machine Gun as alleged in Count I, to which the defendant is pleading guilty is imprisonment of not more than ten (10) years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years.

The defendant also understands that the maximum penalty provided by law for the crime of Unlawful Dealing in Firearms as alleged in Count II of the indictment to which the defendant is pleading guilty is imprisonment of not more than five years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years.

In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

4

### 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**(1) Chapter 2 Offense Conduct:**

**(a) Base Offense Level:** The parties reach no agreement as to the base offense level. The parties understand that pursuant to U.S.S.G. § 2K2.1(a), the base offense level is affected by a number of factors, including the nature of the defendant's criminal history and the characteristics of the firearm.

**(b) Specific Offense Characteristics:** The parties have no agreement as to any of the Specific Offense Characteristics from Chapter Two which may apply.

**(2) Chapter 3 Adjustments:**

**(a) Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of

responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**(b) Other Adjustments:** The parties recommend that no additional adjustments apply.

**(c) Estimated Total Offense Level:** The parties are unable to estimate the Total Offense Level.

**(d) Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**(e) Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which the defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s)

**(2) Sentencing Issues:** The parties reserve all rights to appeal any and all sentencing issues.

**b. *Habeas Corpus*:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States, any records pertaining to the investigation and prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the

7

United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime the defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 on each count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

8

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The terms and conditions contained in this stipulation constitute the only plea offer which has been tendered to the defendant by the Government herein. Defendant has fully discussed the terms and conditions of the offer with counsel and the defendant understands and agrees to the same.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the

defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

1-31-2024
Date

Tim J. Willis, # 62428MO
Assistant United States Attorney
555 Independence Street, Suite 3000
Cape Girardeau, Missouri 63703

2/1/24.
Date

Averyoun Quentez Lane
Defendant

11

2/1/24
Date

/s/ Amanda Lee Altman
Amanda Lee Altman
Assistant Federal Public Defender
325 Broadway, Second Floor
Cape Girardeau, Missouri 63701